**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1731
_____

MICHAEL T. RUPERT;
JACQUELINE C. RUPERT, his wife
v.
FORD MOTOR COMPANY, a foreign corporation
v.
STEVEN B. MACON;
BRAYMAN CONSTRUCTION CORPORATION, a Pennsylvania corporation

Jacqueline C. Rupert,
                                Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania,
(District Court No. 2-12-cv-00331)
District Judge: Hon. Cathy Bissoon
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 11, 2016
_____

Before: McKEE, *Chief Judge*, AMBRO and SCIRICA, *Circuit Judges*.

(Opinion filed:  January 28, 2016)

_____

OPINION*
_____

_____

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

MCKEE, *Circuit Judge*.

Jacqueline Rupert appeals the district court's order of summary judgment dismissing her claim of loss of consortium against Ford Motor Company. Ms. Rupert raises three primary contentions.[1] Namely, the district court erred in (1) excluding portions of her expert's testimony; (2) dismissing her crashworthiness claim; and (3) mishandling case management. We disagree on all counts. For the reasons that follow, we will affirm the district court's order.[2]

I.

Because we write for the parties who are familiar with the factual and procedural history of this case, we provide only the background necessary to our conclusions.[3]

We review the district court's decisions regarding the admissibility of expert evidence for abuse of discretion.[4] In contrast, we review its grant of summary judgment de novo,[5] "applying the same standard"[6] as it did. Accordingly, if we find there is no genuine issue as to any material fact, then we must affirm the order of summary

---

[1] Ms. Rupert also claims the district court erred in allowing her husband to enter into a settlement with Ford and to dismiss his claim with prejudice. She alleges these actions impermissibly interfered with her ability to pursue her loss of consortium claim and deprived her of her right to participate in her husband's settlement. That the district court allowed Ms. Rupert to proceed with her claim despite her husband's settlement belies her first assertion. Likewise, she did not provide evidence establishing her right to control her husband's settlement negotiations. Thus, we need not discuss these contentions.
[2] The district court had jurisdiction pursuant to 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291.
[3] The facts underlying this case can be found in the district court's decision. *See Rupert v. Ford Motor Co.*, No. CIV.A. 12-331, 2015 WL 757402 (W.D. Pa. Feb. 23, 2015).
[4] *See Oddi v. Ford Motor Co.*, 234 F.3d 136, 146 (3d Cir. 2000).
[5] *See Azur v. Chase Bank, USA, Nat. Ass'n*, 601 F.3d 212, 216 (3d Cir. 2010).
[6] *Nicini v. Morra*, 212 F.3d 798, 805 (3d Cir. 2000).

judgment.[7]  In conducting our review, we consider the record in the light most favorable to Ms. Rupert, the non-moving party, and make all reasonable inferences in her favor.[8] Finally, we review the district court's docket management decisions with considerable deference, only interfering upon a clear showing of substantial prejudice.[9]

## II.

## A.

The district court found that Ms. Rupert's expert, Mr. Bloch, was qualified to serve as an expert in this car accident liability case based on his knowledge of automobile safety and design.[10]  However, the district court excluded portions of Mr. Bloch's testimony because it determined that some of his conclusions were "insufficiently reliable."[11]  Ms. Rupert disputes these exclusions on several grounds, including that Ford's challenges to Mr. Bloch's methodology is simply a veiled attack on his qualifications and Mr. Bloch's comparison of car designs was rigorous and relevant.

None of these allegations have merit.[12]  The district court's review of Mr. Bloch's reasoning was exceedingly thorough,[13] and Ms. Rupert's bald assertion that his

---

[7] Fed.R.Civ.P. 56(c).
[8] *See Nicini*, 212 F.3d at 806.
[9] *See In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982).
[10] *Rupert*, 2015 WL 757402, at *3.
[11] *Id.* at *5.
[12] *See Oddi v. Ford Motor Co.*, 234 F.3d 136, 144 (3d Cir. 2000) (stating that a plaintiff must show an expert's testimony is reliable by a preponderance of the evidence).
[13] *Rupert*, 2015 WL 757402, at *5-8.

3

conclusions are reliable is unavailing.[14] It is well established that expert testimony "must be supported by appropriate validation—*i.e.*, 'good grounds.'"[15] Mr. Bloch's support was shaky, at best. His rejected conclusions were not derived from testing of any kind, and he was unable to articulate bases aside from intuition. Moreover, the district court's tailored approach of excluding only the portions it found unreliable ensured information helpful to a trier of fact was not barred.[16] Therefore, we affirm for essentially the same reasons set forth by the district court in its reasoned consideration of this issue.[17]

B.

Having appropriately excluded a subset of Ms. Rupert's expert's testimony, the district court then found that Ms. Rupert could not sustain the crashworthiness component of her loss-of-consortium claim. Under Pennsylvania law, a crashworthiness claim is a brand of products liability that requires four elements. A plaintiff must prove (1) the vehicle design was defective; (2) a safer design was practicable under the circumstances; (3) what injuries, if any, the plaintiff would have suffered had the safer design been used; and (4) what injuries are attributable to the defective design.[18] In granting summary judgment against Ms. Rupert, the district court found that she had failed to establish the last two required elements. The only evidence she had offered in

---

[14] *See Pineda v. Ford Motor Co.*, 520 F.3d 237, 247 (3d Cir. 2008) (emphasizing that reliability is determined based on the expert's *methodology*, not her conclusions).

[15] *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590 (1993).

[16] *See Pineda*, 520 F.3d at 243 (3d Cir. 2008) ("The Rules of Evidence embody a strong preference for admitting any evidence that may assist the trier of fact.").

[17] *Rupert*, 2015 WL 757402, at *5-8.

[18] *See Habecker v. Clark Equip. Co.*, 36 F.3d 278, 284 (3d Cir. 1994).

this regard was her expert's inadmissible testimony.[19]

Ms. Rupert's challenge to this portion of the district court's ruling rests on substantially the same arguments she raised with respect to her expert's excluded testimony.[20] She asserts that because her expert's conclusions are reliable, they should have been admitted and should have been sufficient for her to withstand summary judgment. Accordingly, we deny her appeal of her crashworthiness claim for the same reasons we rejected her objections to the exclusion of her expert's testimony.

C.

Ms. Rupert's claim that the district court abused its discretion in its case management decisions is the least meritorious of her arguments. She accuses the district court of many misdeeds, only two of which are substantial enough to warrant discussion. First, she asserts the court was motivated by bias when it rejected her request for a discovery extension. This fails for at least two reasons. The district court has wide latitude in managing deadlines, and generally only exercises its discretion when the requesting party shows good cause.[21] Ms. Rupert did not. In fact, on the occasion that Ms. Rupert did demonstrate good cause, based on her husband's surprise settlement with

---

[19] *Rupert*, 2015 WL 757402, at *9.

[20] Ms. Rupert also claims that the district court misconstrued the elements of a crashworthiness claim by requiring that she prove that a safer, alternative design would have lessened her husband's injuries. This allegation does not warrant excursive review. The case Ms. Rupert relies on, *Tincher v. Omega Flex, Inc.*, 104 A.3d 328 (Pa. 2014), does little to advance her claim. Suffice it to say *Tincher* did not disturb the longstanding requirement that a plaintiff prove that a safer design would have lessened injury. *See, e.g.*, *Parr v. Ford Motor Co.*, 109 A.3d 682, 689 (2014) *appeal denied,* 123 A.3d 331 (Pa. 2015) *cert. denied,* No. 15-482, 2015 WL 6001619 (U.S. Nov. 30, 2015).

[21] FED. R. CIV. P. 6.

Ford, the district court was considerate of Ms. Rupert's constraints and granted her an extension. This solicitude is a far cry from abuse of discretion.

Second, Ms. Rupert asserts the district court judge, the Honorable Cathy Bissoon, should have recused herself from the case. According to Ms. Rupert, because the judge participated in a status conference at which Ms. Rupert was prompted to recount the facts underlying her claim of loss of consortium, the judge had improper personal knowledge of disputed evidentiary issues and could be called upon to testify. This prognostication about judicial testimony was unfounded and was not cause for the judge to step aside. All information exchanged during the conference was inadmissible at subsequent proceedings—Ms. Rupert and her counsel were informed of this fact. Thus, we find no grounds for overturning the district court's case management decisions.

III.

For the reasons set forth above, we will affirm the judgment of the district court in its entirety.